FILED
CLERK, U.S. DISTRICT COURT

MAY 31 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DANIEL SAULMON,

               Plaintiff,

        v.

CITY OF HAWTHORNE, et al.,

               Defendants.

Case No. CV 06-1639 SJO (FMOx)

**ORDER Re: SETTLEMENT PROCEEDINGS**

     The above-captioned matter has been referred to the undersigned United States Magistrate Judge for a Settlement Conference. Accordingly, IT IS ORDERED as follows:

     1.     The parties and their trial counsel shall appear for the Settlement Conference on **Wednesday, December 6, 2006 at 2:00 p.m.,**. in Courtroom F of the United States Courthouse, 312 North Spring Street, 9th Floor, Los Angeles, California.

     2.     Counsel who will try the case must be present. In addition, the person with full settlement authority shall be present at the conference.[1] This requirement contemplates the physical presence of each party or, if a corporate or governmental entity, of an authorized and

---

[1] This means that Local Rule 16-14.5 relating to appearance by parties residing outside the District does **not** apply (except to the United States or any of its agencies), *i.e.*, all parties, including those residing <u>outside</u> the District, <u>must</u> appear in person.

DOCKETED ON CM

MAY 31 2006

BY                              174

1  knowledgeable representative of the entity.  Plaintiff's representative must have full and final

2  authority, in the representative's discretion, to authorize dismissal of the case with prejudice, or

3  to accept a settlement amount recommended by the settlement judge down to defendant's last

4  offer made prior to the Settlement Conference.  Defendant's representative must have final

5  settlement authority to commit the defendant to pay, in the representative's discretion, a

6  settlement amount recommended by the settlement judge up to plaintiff's prayer (excluding

7  punitive damage prayers), or up to plaintiff's last demand made prior to the settlement conference,

8  whichever is lower.  The purpose of this requirement is to have representatives present who can

9  settle the case during the course of the conference without consulting a superior.

10        3.      If a proposed settlement must be presented for approval to a board or committee,

11  the person whose recommendation is normally followed must be the person present at the

12  Settlement Conference.

13        4.      Any insurance company that is contractually required to defend or to pay damages

14  assessed within policy limits also shall have a settlement representative present at the

15  conference.  Such representative must have final settlement authority to commit the company to

16  pay, in the representative's discretion, an amount recommended by the settlement judge within

17  the policy limits.  The purpose of this requirement is to have an insurance representative present

18  who can settle the outstanding claim or claims during the course of the conference without

19  consulting a superior. An insurance representative authorized to pay, in his or her discretion, up

20  to the plaintiff's last demand made prior to the settlement conference will also satisfy this

21  requirement.  Counsel of record will be responsible for timely advising any involved non-party

22  insurance company of the requirements of this Order.

23        5.      The settlement judge may, in his discretion, converse with the lawyers, the parties,

24  the insurance representatives, or any one of them outside of the hearing of the others.  The

25  comments of the judge during such separate sessions are not to be used by counsel in settlement

26  negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional

27  or unintentional misquotation of the judge's comments. Violation of this policy may be misleading

28  and therefore a hindrance to settlement.

6.      Prior to the Settlement Conference, the attorneys shall discuss settlement with their respective clients and insurance representatives, so that the parameters of a possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

7.      Each party shall deliver to the chambers of the Magistrate Judge a Confidential Settlement Conference Statement on or before **November 29, 2006, at 4:00 p.m.  The Statement shall be in the form of a letter, and shall not exceed five (5) pages in length. The Statement shall be submitted in a sealed envelope clearly marked confidential, and shall not be filed.**  The Statement shall contain the following information:

A.      A brief statement of the facts of the case, including each party's claims and defenses.   The Statement shall include citations to the applicable statutory or other grounds upon which claims or defenses are based.  The Statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

B.      An itemized statement of the damages claimed, and of any other relief sought.

C.      A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge, as well as the estimated length of trial, and whether a court or jury trial is contemplated.  The Statement shall also set forth the date(s) any party filed or intends to file any dispositive motion.

D.      A history of past settlement discussions, offers and demands.

E.      A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

F.      The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial, and (iii) trial.

G.      The party's evaluation of the terms on which the case could be settled <u>fairly</u>, taking into account the litigation position and settlement position of the other side.

3

1          H.      Any other relevant circumstances that counsel believe will assist the court in

2    conducting the Settlement Conference.

3          8.      In the event any party believes, in good faith, <u>after the above described steps have</u>

4    <u>been completed</u>, that a settlement conference at this point in the litigation would not be

5    meaningful, the party may contact Judge Olguin's courtroom deputy clerk at (213) 894-0215 and

6    inform her of this information.  The court will then contact the parties to discuss with them how to

7    proceed.

8          9.      Counsel appearing without their clients (whether or not counsel purportedly have

9    been given settlement authority) will cause the settlement conference to be canceled.  The

10   noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other

11   parties as a result of such cancellation and rescheduling.

12         10.     The failure of any party or attorney to comply with the requirements of this Order

13   may result in sanctions being imposed.  The sanctions may include, but not be limited to, the fees

14   and costs expended by the other parties in preparing and attending the Settlement Conference.

15   Dated this **3\** day of May, 2006.

16

17

18                                              _____
                                                    Fernando M. Olguin
                                                    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28